IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA

| | | |
|---|---|---|
| Ronnie Johnson, | ) | C. A. No.:  3:09-cv-02458-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND OPINION |
| Michael J. Astrue, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for social security disability insurance benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 401–33. This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ["Report," Doc. 27], filed on November 16, 2010.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

**I.     Procedural Background**

Plaintiff applied for DIB on April 4, 2005, with an alleged onset of disability of November 12, 2003.  His application was denied initially and upon reconsideration.  An

1

Administrative Law Judge ("ALJ") conducted a hearing on July 12, 2007. The ALJ issued an unfavorable decision on April 12, 2008, finding Plaintiff was not entitled to benefits because, based on his residual functional capacity ("RFC"), his vocational factors, and the testimony of a Vocational Expert ("VE"), he would be able to make an adjustment to work. The Appeals Council adopted the ALJ's decision on July 30, 2009, making the ALJ's decision final for purposes of review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a detailed and comprehensive Report on November 16, 2010, in which he recommended that the Commissioner's decision to deny benefits be affirmed.

The parties were advised of their rights to file specific written objections to the Report. Plaintiff filed objections on December 3, 2010. [Doc. 28]. The Commissioner did not respond to those objections, and this matter is ripe for review.

## II.     Discussion

### A.     Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported

by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

B.   Analysis

An individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1).

In his Report, which is incorporated herein by reference, the Magistrate Judge sets forth the relevant facts and legal standards, which will not be repeated herein. The Magistrate Judge considered and thoroughly evaluated Plaintiff's appellate arguments. In his principal brief, Plaintiff argued the ALJ erred and his decision was not supported by substantial evidence for the following reasons: (1) he did not discuss and adopt the vocational opinion of Dr. Dixon Pearsall; (2) he did not give adequate weight to the opinion of Plaintiff's treating physician, Dr. John Roberts; and (3) he did not find Plaintiff met the requirements of Listing 12.04 of the Listings of Impairments, which are codified at 20 C.F.R. Part 404, subpart P, appendix 1 ("the Listings"). Plaintiff also argued the Appeals Council erred in discounting the opinion of Dr. Randolph Waid, a consulting psychologist who saw Plaintiff subsequent to the ALJ's decision. After a

comprehensive discussion of Plaintiff's arguments and a detailed review of relevant medical evidence, the Magistrate Judge found the Commissioner's decision to deny benefits was supported by substantial evidence. The Magistrate Judge also considered and rejected Plaintiff's argument that the court should remand the matter for determination of an amended onset-of-disability date based on the Commissioner's determination in a subsequently filed application that Plaintiff was disabled as of April 13, 2008. After considering these issues, the Magistrate Judge recommended that the court affirm the Commissioner's decision.

      1.     Plaintiff's Objection Regarding the ALJ's Consideration of Dr. Pearsall's Vocational Opinion

In his first objection, Plaintiff claims the Magistrate Judge erred in his consideration of Dr. Pearsall's vocational opinion. Plaintiff claims the ALJ violated SSR 06-03p by not discussing Dr. Pearsall's evaluation or opinion and erred by not adopting Dr. Pearsall's vocational opinion that he could not work. Pl.'s Objections at 3.

SSR 06-03p provides, in part, as follows:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p. The Magistrate Judge discussed Dr. Pearsall's opinion in conjunction with SSR 06-03p, noting that SSR 06-03p does not necessarily require an ALJ to discuss all evidence submitted and that an ALJ's failure to cite to specific evidence does not indicate such evidence was not considered. Report at 6. The Report examined Dr. Pearsall's opinion that Plaintiff was "not employable," noting the opinion was based in large part on the medical records of Dr.

4

Roberts, Plaintiff's treating physician. The Magistrate Judge specifically pointed out that the ALJ considered and discounted some limitations that Dr. Roberts opined should be placed on Plaintiff. With this background, the Magistrate Judge found that the ALJ's detailed discussion of record evidence satisfied SSR 06-03p. *See* Report at 6–12.

Plaintiff specifically objects to the Magistrate Judge's finding that the ALJ appropriately considered Dr. Pearsall's opinion "'not persuasive.'" Pl.'s Objections at 5 (*quoting* Report at 11). Plaintiff also ascribes error to the Magistrate Judge's finding that the ALJ did not err because there was "no reason to think" the ALJ would have given Dr. Pearsall's opinion more weight than he gave the opinion of Dr. Roberts on which Dr. Pearsall's findings were based. Plaintiff submits that this requires improper speculation as to the ALJ's consideration and treatment of Dr. Pearsall's opinion. Pl.'s Objections at 5. The court disagrees. Plaintiff's objections harken back to his argument that the ALJ should have expressly discussed and adopted Dr. Pearsall's opinion that he was disabled. The Magistrate Judge appropriately considered and rejected that argument. Report at 6. As the Magistrate Judge noted, the record contained no fewer than 20 opinions as to Plaintiff's level of impairment, and the ALJ was not obligated to discuss each one in detail. Report at 6 & n.4. The court agrees with the Magistrate Judge's recommendation. Plaintiff's first objection to the Report is without merit.

2. Plaintiff's Objection Regarding the Court's Treatment of a Subsequent Favorable Decision of the Commissioner

Next, Plaintiff objects to the Magistrate Judge's treatment of a subsequent decision in which the Commissioner found Plaintiff was disabled as of April 13, 2008. Pl.'s Objections at 6–7. Plaintiff argues that the subsequent disability finding is new and material evidence that requires remand for a determination of a proper onset date. The Magistrate Judge recommended

that the subsequent favorable decision should not be considered by the court and did not require remand for consideration of a different onset-of-disability date.  Report at 12–14.  In his objections, Plaintiff cites case law and arguments already presented in his earlier briefs.

The Magistrate Judge found that evidence of the later favorable determination should not properly be considered in this matter because it is not part of this administrative record.  Report at 12–13.  Additionally, the Magistrate Judge found Plaintiff did not satisfy the requirement that a claimant seeking to introduce new evidence make at least a general showing of the nature of the new evidence.  Report at 14 *(*citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)).  Finally, the Magistrate Judge cited the Sixth Circuit case of *Allen v. Comm'r of Social Security*, 561 F.3d 646, 653 (6th Cir. 2009), which held that remand to consider a subsequent favorable decision's impact on an onset-of-disability date was only appropriate when the subsequent determination is "supported by new and material evidence" as to which claimant had good cause for not raising in the earlier proceeding.  The Magistrate Judge found Plaintiff had not satisfied that standard.  In embracing the *Allen* decision, the Magistrate Judge noted that the *Allen* court referenced *Reichard v. Barnhart*, 285 F. Supp. 2d 728 (S.D.W.Va. 2003) and another case on which Plaintiff had relied, determining that, to the extent those cases propose that subsequent favorable decisions in and of themselves are new evidence meriting remand, those decisions misapply the law.  Report at 15, n.12.

The court agrees with the detailed legal analysis the Magistrate Judge applied regarding this issue.  The subsequent favorable decision is not part of the administrative record, and Plaintiff has not demonstrated it should otherwise be considered.  Plaintiff's second objection is without merit.

6

### 3. Plaintiff's Objection Regarding the Opinions of Dr. Roberts and Dr. Waid

Plaintiff's next objection is that the Magistrate Judge erred in finding the ALJ properly evaluated the opinions of Dr. Roberts, Plaintiff's treating physician, and of Dr. Randolph Waid, a psychologist who assessed Plaintiff after the ALJ hearing and found he had "had marked psychological limitations." Pl.'s Objections at 7–9. Plaintiff summarizes the evidence from Dr. Roberts and argues the ALJ erred in discounting that evidence. Plaintiff also notes that the Magistrate Judge discusses the medical evidence, "but does not make a specific finding as to the evaluation of Dr. Roberts' opinion." Pl.'s Objections at 8.

Although the Report does not contain a specific finding that the ALJ appropriately considered Dr. Roberts' opinions, the court does not find this to be error. Unquestionably, the Magistrate Judge closely examined Dr. Roberts' opinions and medical records and discussed the ALJ's findings regarding those opinions. *See, e.g.*, Report at 16 (detailing ALJ's consideration and discounting Dr. Roberts' opinion). The Magistrate Judge also noted that the ALJ explained the weight he gave Dr. Roberts' opinion ("minimal") and why ("not well-supported by medically acceptable diagnostic techniques, including psychological functional testing"). Report at 17 (quoting ALJ Decision, Tr. at 21, 25–26). The Magistrate Judge found the ALJ appropriately considered, discounted, and explained Dr. Roberts' opinion.

If a treating physician's opinion concerning the nature and severity of a claimant's impairment is not consistent with substantial evidence in the case record and is not well supported by clinical and laboratory diagnostic techniques, the Commissioner may accord that opinion less weight. 20 C.F.R. § 404.1527(d)(2)(2005). *See also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (finding by negative implication that "if a physician's opinion is not

7

supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). The ALJ considered Dr. Roberts' records and opinions, and adequately explained the weight he afforded them. The court finds no error in the Magistrate Judge's consideration of this issue. This portion of Plaintiff's objection is without merit.

Plaintiff also argues the Magistrate Judge erred in considering Dr. Waid's opinions. Pl.'s Objections at 8–9. As explained in the Report, Plaintiff saw Dr. Waid for a psychological assessment. Report at 17–18. Dr. Waid's assessment and a mental functioning questionnaire he completed were presented to the Appeals Council. The Appeals Council analyzed Dr. Waid's findings, found they were based primarily on Plaintiff's subjective complaints, and determined that his opinions were "entirely inconsistent with his observations." Report at 18 (quoting Tr. at 4). The Appeals Council gave Dr. Waid's opinions "little probative weight." *Id.*

The Magistrate Judge found that the Appeals Council's treatment of Dr. Waid's opinion was supported by substantial evidence in the record and that, because the opinions were based in large part on Plaintiff's self-reported symptoms, they were immaterial. Report at 18–19 (citing *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001)). Additionally, the Magistrate Judge focused on the Appeals Council's findings that the consultations took place after the date of the ALJ's decision, finding that was important based on evidence that Plaintiff's condition had worsened during the time he saw Dr. Waid. *See* Report at 19–21. The Magistrate Judge found without merit Plaintiff's argument that Dr. Waid's opinions were relevant to the time prior to the decision, as well, because they relied on Dr. Roberts' pre-decision records. Report at 21.

In his objections, Plaintiff recounts Dr. Waid's opinions and sets forth arguments similar to those already considered by the Magistrate Judge. The Magistrate Judge's findings regarding the treatment of Dr. Waid's opinions are not in error. This portion of Plaintiff's third objection is also without merit.

    4.    Plaintiff's Objection Regarding Listing 12.04 Status

Plaintiff's final objection is that the Magistrate Judge erred in recommending affirmance of the Commissioner's determination that he did not meet Listing 12.04. Plaintiff claims he meets the requirements of Listing 12.04A and B, but concedes that the evidence supporting the Listing 12.04B requirements[1] is from opinions of Dr. Roberts and Dr. Waid, both of which were discounted or rejected. Plaintiff also objects to the Report because it did not contain specific discussion of the evidence before the Appeals Council concerning the requirements of Listing 12.04B. Pl.'s Objections at 9–10.

Having reviewed the Magistrate Judge's discussion of whether Plaintiff satisfies Listing 12.04B in conjunction with Plaintiff's objections and the medical evidence, the court finds Plaintiff's objection to be without merit. The ALJ appropriately considered and discounted Dr. Roberts' opinions, including those related to the factors of Listing 12.04B. *See* Tr. at 21 (ALJ's considering Listing 12.04B and finding Plaintiff had only mild restriction in activities of daily living, mild difficulty in social functioning, moderate difficulty with concentration, persistence,

---

[1] The requirements of Listing 12.04B are that a claimant meet certain criteria discussed in Listing 12.04A, which are not at issue here, result in two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration;
20 C.F.R. 404, Subpart P, Appendix 1, § 12.04B.

or pace, and no episodes of decompensation). The ALJ noted that Plaintiff continued to run a car dealership and maintained social contacts. *Id.* The Magistrate Judge appropriately analyzed the ALJ's findings regarding Listing 12.04B. Further, the Magistrate Judge properly analyzed Dr. Waid's opinions and the Appeals Council's consideration of those opinions. Tr. at 18–20. This objection is without merit.

**III.    Conclusion**

After a thorough and careful review of the record, including the findings of the ALJ, the briefs from Plaintiff and the Commissioner, the Magistrate Judge's Report, and Plaintiff's objections thereto, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. Plaintiff's objections are overruled. Because there is substantial evidence that supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act, the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

s/J. Michelle Childs
United States District Judge

Greenville, South Carolina
March 15, 2011.